UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
DEVON MILLINGTON,

                            Petitioner,

                                              OBJECTIONS TO MAGISTRATE'S
                                              REPORT AND RECOMMENDATION
                  -against-                   11 CIV. 000499 (LGS)(DF)

WILLIAM LEE, Superintendent,
Green Haven Correctional Facility,
                            Respondents.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

     **BARI L. KAMLET,** an attorney admitted to practice in the State of New York, and before

this Court, declares under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the following

statements are true, except those made upon information and belief, which she believes to be true:

     1.     I am an Assistant District Attorney in the Office of **ROBERT T. JOHNSON**, the

District Attorney of Bronx County, and submit this declaration to lodge the State's objections with

regard to certain findings and conclusions contained in Magistrate Judge Freeman's Report and

Recommendation, dated August 14, 2014, and to preserve the State's position for this Court's review

and for later review, if any, by the United States Court of Appeals.

     2.     Respondent objects to Magistrate Judge Freeman's decision to hold an evidentiary

hearing based on the finding that the state court's denial of petitioner's claim without a hearing,

constituted an AEDPA violation.  In its opposition papers to the instant petition, respondent argued

that under Cullen v. Pinholster, 131 S.Ct. 1388, 1398 (2011), since the claims were adjudicated on

the merits, review under § 2254(d)(1) was limited to the record that was before the state court that

so adjudicated the claim on the merits, and that the record under review is limited to the record in

existence at that same time *i.e.,* the record before the state court.

     Respondent noted that in Pinholster, the Court also pointed out that since "Section

2254(b) requires that prisoners must ordinarily exhaust state remedies before filing for federal habeas

relief[,] [i]t would be contrary to that purpose to allow a petitioner to overcome an adverse state-court decision with new evidence introduced in a federal habeas court and reviewed by that court in the first instance effectively *de novo*." Pinholster, 131 S.Ct. at 1399.    Moreover, the Court explained that "[t]o determine whether a particular decision is 'contrary to' then-established law, a federal court must consider whether the decision "applies a rule that contradicts [such] law' and how the decision 'confronts [the] set of facts' that were before the state court[,]" recognizing that '[i]t would be strange to ask federal courts to analyze whether a state court's adjudication resulted in a decision that unreasonably applied federal law to facts not before the state court." Id. (internal citations omitted).    Thus, respondent argued that the state court properly issued a summary denial of petitioner's unsubstantiated claims regarding an alleged plea offer, which were belied by the recollections of both the prosecutor and defense counsel.  See id. at 1402 citing Richter, 562 U.S., at ——, 131 S.Ct., at 786 (Section 2254[d]  applies even where there has been a summary denial).

      3.    Since Cullen v. Pinholster, 131 S.Ct 1388, limits federal review to the state court record, the Magistrate Judge erred in conducting an evidentiary hearing in federal court.  Under AEDPA, federal review is "limited to the record that was before the state court that adjudicated the claim on the merits," because, as respondent noted in its prior submissions, "it would be strange to ask federal courts to analyze whether a state court's adjudication resulted in a decision that unreasonably applied federal law to facts not before the state court" (Cullen v. Pinholster, 131 S. Ct. 1398-1399). In enacting §2254, the Legislature sought to "promote comity, finality, and federalism by giving state courts the first opportunity to review [a] claim, and correct any constitutional violation in the first instance" (Id. at 1401). Further, "the 'backward-looking language' present in §2254(d)(1)§ 'requires an examination of the state-court decision at the time it was made' and,

2

therefore the record under review must be 'limited to the record in existence at the same time *i.e.*, the record before the state court'" (Ridgeway v. Zon, 424 F. App'x 58, 59-60 [2d Cir. 2011] [Summary Order], citing Pinholster, 131 S.Ct. 1398).

Accordingly, since the state court ruling on petitioner's claim was based on the merits, not only is this ruling entitled to AEDPA deference, but federal review is limited to the record before the state court. Because petitioner failed to demonstrate that the adjudication of his claim based on the state-court record resulted in a decision "contrary to" or "involv[ing] an unreasonable application" of federal law, this Court is barred from considering the evidence submitted before the Magistrate Judge (Ridgeway, 424 F.App'x 59-60). See also Assadourian v. Brown, 493 F. App'x 223, 225, n.1 (2d Cir. 2012) (Summary Opinion) (District Court erred in ordering an evidentiary hearing where the state courts made meritorious determinations of petitioner's claim and federal review is limited to the record before the state court); Pierre v. Ercole, 560 F.App'x 81, 83-84 (2d Cir. 2014) (Summary Order) (Pinholster "forecloses any factual finding by a federal court where, as here, petitioner makes out only a claim of legal error under section 2254[d][1]").

4.   In so objecting to this Court's holding an evidentiary hearing and reliance on the hearing evidence in finding that petitioner was not afforded effective assistance of counsel, respondent hereby incorporate each and every allegation and argument contained in their Memorandum of Law submitted as part of their answering papers dated June of 2011.

**WHEREFORE**, respondents respectfully request that Magistrate Freeman's decision to hold an evidentiary hearing  be rejected and that this Court not rely on any evidence adduced at

the hearing in determining the petition.[1]

BARI L. KAMLET (BK 9483)
Assistant District Attorney

---

[1]The Court is hereby advised that , by letter-motion dated August 28, 2014, respondent is also seeking a stay of the proceedings pending a potential resolution of this matter in state court.