UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------- X

DEVON MILLINGTON,              :

        Petitioner,              :

  -against-              :

WILLIAM LEE, SUPERINTENDENT    :

        Respondent.              :

------------------------------------------------X

PETITIONER'S RESPONSE TO
THE STATE'S OBJECTIONS TO
MAGISTRATE JUDGE FREEMAN'S
REPORT AND RECOMMENDATION

11 Civ. 00499 (PAC)(DF)

**Magistrate Judge Freeman Correctly Held a Hearing**

The State's assertions that Magistrate Judge Freeman was barred from holding a hearing on Millington's ineffectiveness claim is based on a misreading of both *Cullen v. Pinholster*, 131 S.Ct. 1388 (2011), and AEDPA. As many federal courts have held, *Pinholster* bars a federal court only from using evidence that was not before the state courts when deciding whether the state court unreasonably denied the writ under 28 U.S.C. § 2254(d)(1). It does not bar a district court from holding a hearing once the court has determined, as Judge Freeman did here, that, based solely on the evidence presented in state court, the state court either unreasonably applied the law or determined the facts. Holding a hearing in those circumstances is consistent with AEDPA and with *Pinholster*'s interpretation of it.

In her initial order, dated November 13, 2013, upon reviewing the parties' papers and the state-court record, Judge Freeman recounted that, in state court, Millington had presented evidence in the form of his and family members' affidavits attesting to his trial

1

lawyer's having conveyed to him first a plea offer of 20 years to life, then one of 18 to life, and to his lawyer's advising him not to take it. According to Millington, the lawyer, John Iannuzzi, said that the maximum that Millington could get after trial was 25 to life, and the difference between 25 to life and 18 to life was not enough to make accepting the offer worthwhile. Millington also presented the minutes of several pretrial proceedings that made clear that a plea offer or offers had been made to Millington but did not reveal the terms of the offers.[1] The State presented affidavits by the trial prosecutor and Iannuzzi saying that they did not recall plea offers having been made, and an affidavit saying that the State's file disclosed no offers. Holding solely that trial counsel had "presented a well grounded defense" and had "exhibited 'reasonable competence,'" the 440 court summarily denied the petition.

Noting that Millington's case is complicated by the fact that the 440 court did not "make any explicit findings of fact regarding Iannuzzi's conduct in the plea context," Judge Freeman reasoned that "only two possible sets of findings . . . could have supported the court's legal conclusion that Iannuzzi 'exhibited 'reasonable competence' in his representation of Petitioner'" (11/13/13 order, p. 11, brackets omitted). Either "the court could have accepted the truth of Petitioner's assertions regarding the existence of a plea offer and Iannuzzi's erroneous representation regarding the maximum sentence Petitioner could face, but nonetheless found Iannuzzi's conduct to have been constitutionally adequate" or it "could have rejected some or all of Petitioner's assertions as untrue" (p.

---

[1] The State's terming Millington's claims regarding a plea offer "unsubstantiated" (p. 2, ¶ 2) is thus factually incorrect.

11). But, as Judge Freeman determined *"based solely on the record that was before the state court"* (p. 11, emphasis added), *Lafler v. Cooper*, 132 S.Ct. 1376 (2012), made clear that the first determination would have constituted an unreasonable application of *Strickland v. Washington*, 466 U.S. 668 (1984), "the relevant 'clearly established law' for ineffectiveness-of-counsel claims" (pp. 9, 12-13). And the 440 court could not have reasonably determined that Millington was not credible in his assertions "on the record before it, without a hearing" (pp. 13-14, see 14-19).

Hence, given that the 440 court's decision was unreasonable under 28 U.S.C. § 2254(d), Judge Freeman held that this Court was required to proceed to consider "whether Petitioner is in custody in violation of law, see 28 U.S.C. § 2254(a), without deference to the state court's decision" (p. 19, citation omitted). Because factual disputes remained regarding whether a plea offer was actually made; if so, what the terms of the offer were; and what advice counsel gave, a hearing was necessary. Moreover, Judge Freeman noted, "[t]hese factual disputes remain not due to a lack of diligence on Petitioner's part, but due to the state court's refusal to hold the hearing Petitioner requested" (p. 19). Thus, as *Williams v. Taylor*, 529 U.S. 420, 429 (2000) (*Michael Williams*), made clear, AEDPA did not bar an evidentiary hearing. Nor did *Pinholster*, "as that case limited the ability of a district court to hold a hearing only with respect to review under § 2254(d)(1) — an inquiry this Court has undertaken . . . without reference to any evidence other than what was before the state court" (p. 19; citation omitted).

Judge Freeman's determination that, under these circumstances, the Court could and should hold a hearing accords with determinations by many other federal courts that

have addressed this issue. In *Lopez v. Miller*, 906 F.Supp.2d 42, 56 (E.D.N.Y. 2012), for example, the court held that "*Pinholster* does not preclude a court from relying upon evidence produced at an evidentiary hearing for the purposes of a de novo § 2254(a) determination." The court later held that the state court, which had summarily rejected Lopez's ineffective-assistance claim, had unreasonably determined the facts, *Lopez v. Miller*, 915 F.Supp.2d 373, 418-422 (E.D.N.Y. 2013), thus permitting it to rely on evidence adduced at the two evidentiary hearings which it held.

Other federal courts have held likewise. *See, e.g., Madison v. Allen*, 2013 WL 1776073, 9 (S.D. Ala. 2013) (holding that, because the Eleventh Circuit had determined that the state court decision violated the standards of § 2254(d)(1), "*Pinholster* is no longer applicable" and court would conduct "a de novo review of petitioner's *Batson* claim); *Caudill v. Conover*, 2012 WL 1673262, 9 (E.D. Ky. 2012) ("[I]f after review solely on the state court evidence, it appears the state court contravened or unreasonably applied clearly established federal law, the federal court may then consider additional evidence to determine whether habeas relief should be granted."); *Werber v. Milligan*, 2012 WL 1458098, 8 (N.D. Ohio 2012) (recognizing that Pinholster "allow[s] . . . an evidentiary hearing after a reviewing court determines that a petitioner's claim satisfies § 2254(d)."); *Pao Lo v. Kane*, 2011 WL 2462932, 32 (E.D. Cal. 2011) (holding that, because the state court's decision failed to meet the criteria of § 2254(d)(1), "*Pinholster* [was] inapplicable," and the "reviewing court must conduct a de novo review of the applicable habeas claim."); *Skipwith v. McNeil*, 2011 WL 1598829, 5 (S.D. Fla. 2011) ("Now that the section 2254(d) hurdle has been cleared, the Court agrees with Judge White's reasons for

4

holding an evidentiary hearing and considers Skipwith's ineffective assistance of counsel claim on its merits."); *Hearn v. Ryan*, 2011 WL 1526912, 2 (D. Ariz. April 21, 2011) (holding that federal court can hold a hearing to decide whether claim warrants relief where, based solely on the state-court record, court finds state court's decision to be unreasonable).

The three Second Circuit summary orders cited by the State do not support its position. In *Ridgeway v. Zon*, 424 Fed.Appx. 58, 59-60 (2d Cir. 2011), the Court held that the "sparse" record before the state court had "failed to establish conclusively that Ridgeway's counsel had not consulted a medical expert or ignored Ridgeway's request to call his relatives." Hence, Ridgeway had not established that the "adjudication of his claim based on the state-court record resulted in a decision "contrary to" or "involv[ing] an unreasonable application" of federal law," and the Second Circuit could not consider the additional evidence adduced in the district court. *Id.* at 60. Similarly, in both *Pierre v. Ercole*, 560 Fed.Appx. 81, 83-84 (2d Cir. 2014), and *Assadourian v. Brown*, 493 Fed.Appx. 223, 225 (2d Cir. 2012), the Second Circuit held that the state-court determination did not involve an unreasonable application of clearly established federal law and therefore the district court properly refused to hold a hearing. The State also omits that "[r]ulings by summary orders have no precedential effect." FRAP Local Rule 32.1.1(a). And, in *Jackson v. Conway*, ___ F.3d ___, ___, 2014 WL 3953234, 27 n.39 (2d Cir. August 14, 2014), the Second Circuit implicitly recognized that it has never addressed whether a court can hold a hearing under these circumstances.

Significantly, moreover, the State asserts in conclusory fashion that the state-court

reasonably adjudicated Millington's claim but omits mention of Judge Freeman's careful analysis as to why she concluded that it either unreasonably applied *Strickland* or unreasonably determined the facts. Likewise, it never describes the state-court record other than, as noted, erroneously asserting that Millington's allegations regarding the plea offers were "unsubstantiated" and that the prosecutor's and Iannuzzi's recollections "belied" the truth of Millington's assertions (p. 2), whereas they simply created a factual dispute — one which the state court never resolved.[2]

Finally, it bears noting that the State does not object to any of Judge Freeman's fact findings or legal determinations made in her August 14, 2014 Report and Recommendations, following the hearing.

For all of these reasons, Millington respectfully requests that the Court adopt the report and recommendation of Magistrate Judge Freeman.

Respectfully submitted,

*Andrea Hirsch*

Andrea G. Hirsch
Attorney for Devon Millington
111 Broadway - Suite 1305
New York, New York 10006
212 267-1411

---

[2] To the extent that the State incorporates its earlier allegations and arguments (State's objections, p. 3), Millington respectfully asks that this Court consider his reply to the State's papers, Docket Entry Number 15, which responded to those contentions.